MEMORANDUM OPINION



No. 04-06-00560-CR

No. 04-06-00561-CR


Christopher DICKEY,

Appellant


v.


THE STATE OF TEXAS,

Appellee


From the 290th Judicial District Court, Bexar County, Texas

Trial Court Nos. 2005-CR-8505B & 2005-CR-8506

Honorable Sharon MacRae, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: June 13, 2007


AFFIRMED


 Defendant, Christopher Dickey, pled guilty to the jury to the charge of evading arrest, and
not guilty to two counts of aggravated assault. During trial, the police officers involved in his arrest
testified they did not appear before the grand jury. After the State rested, defendant orally moved
to dismiss the indictment containing the two aggravated assault charges. Defendant argued that the
only witness identified in the indictment was the "State's Attorney," who most likely was not placed
under oath and, therefore, no sworn testimony was before the grand jury. The trial court denied the
motion on the grounds that defendant had waived his complaint. The jury ultimately found
defendant guilty on both counts of aggravated assault and assessed punishment at twenty years'
confinement on each aggravated assault charge and two years' confinement for evading arrest. In
two issues on appeal, defendant contends the trial court erred in denying his motion to dismiss the
indictment containing the two counts of aggravated assault. (1) 

 On appeal, defendant asserts that only the "State's Attorney" testified before the grand jury,
the testimony was unsworn, and unsworn testimony is incompetent evidence. Thus, defendant
argues that because the State failed to present competent evidence to the grand jury, the indictment
should be dismissed. Defendant also contends the trial court should have determined whether sworn
evidence was presented to the grand jury. 

 The Texas Code of Criminal Procedure provides as follows: "If the defendant does not object
to a defect, error, or irregularity of form or substance in an indictment or information before the date
on which the trial on the merits commences, he waives and forfeits the right to object to the defect,
error, or irregularity and he may not raise the objection on appeal or in any other postconviction
proceeding." Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005). Defendant contends the
trial court erred in determining he waived his right to complain under article 1.14(b) because his
complaint does not go to either the form or substance of the indictment. Instead, defendant asserts
his complaint is that the indictment is not supported by sworn evidence. 

 However, the Texas Court of Criminal Appeals has made clear that a "motion to set aside,
dismiss, or quash an indictment should be made at the first opportunity, and must be presented to
the trial court prior to an announcement by that party that it is ready for trial." Neal v. State, 150
S.W.3d 169, 176 (Tex. Crim. App. 2004). "This rule serves the salutary purpose 'of preventing
unnecessary trials and deterring the interruption of a trial on the merits for any objection relating to
the institution and presentation of the charge.'" Id. "It would make little sense to wait until after a
trial is complete before complaining that the trial should never have taken place because the
indictment was defective or should have been dismissed or quashed." Id. Here, defendant's motion
to dismiss the indictment was not made until after the State rested. Accordingly, it was not timely
and his complaint was waived.

CONCLUSION

 We overrule defendant's issues on appeal and affirm the judgments of the trial court.


 Sandee Bryan Marion, Justice

Do Not Publish


1. Defendant also complains about the trial court's denial of his motion to dismiss the indictment for
evading arrest. However, he did not move to dismiss this indictment at trial; therefore, any complaints on appeal
with regard to that indictment are waived.